DA 14-0094

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 240N

BERNARD MUNYAN,

       Plaintiff and Appellee,

  v.

CHARLOTTE KINCHELOE,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DV 13-12
Honorable Randal I. Spaulding, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

          Charlotte Kincheloe, self-represented, Roundup, Montana

       For Appellee:

          Bernard Munyan, self-represented, Stacy, Minnesota


               Submitted on Briefs:  August 13, 2014
                       Decided:  September 9, 2014


Filed:

_____
                   Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On March 25, 2013, Bernard Munyan filed a Complaint in the Justice Court of Musselshell County, Case No. CV-2013-183-OT, against Charlotte Kincheloe alleging wrongful conversion of personal property. Specifically, Munyan sought return of Tanner, his Miniature Pinscher, who was under Kincheloe's care while Munyan was recovering from a medical procedure performed in Minnesota.[1] On May 21, 2013, the Justice Court ruled in favor of Kincheloe.

¶3 On May 28, 2013, Munyan, on his own behalf, appealed the decision to the Fourteenth Judicial District Court, Cause No. DV-13-12. Kincheloe, also self-represented, refused to return custody of Tanner and subsequently countersued claiming an ownership interest in Tanner because Munyan had effectively abandoned Tanner, was supposedly abusive to the dog, and owed Kincheloe money for the dog's interim boarding and care.

¶4 The District Court scheduled a bench trial for Monday, January 6, 2014. On January 2, 2014, Kincheloe filed a Motion for Continuance contending that her expert witnesses were now unavailable for the scheduled trial. The District Court denied Kincheloe's motion

---

[1] Before traveling to Minnesota for a medical examination, Munyan requested that his then-fiancé Margaret Gribble care for Tanner. Due to Gribble's failing health, she turned Tanner's care over to Kincheloe.

noting both the motion's untimely filing and that Munyan had already commenced his travels to Montana.

¶5 At the bench trial on January 6, the District Court found that Munyan had established a valid wrongful conversion claim and awarded him immediate custody of Tanner. The District Court also awarded Munyan $680.00 ($500.00 for expenses incurred in recovering possession of his dog plus $180.00 equivalent to the amount of fixed court costs). The District Court dismissed Kincheloe's counterclaim finding that she had not produced evidence of any superior ownership right in Munyan's dog nor established a valid claim entitling her to reimbursement for costs associated with the boarding and caring of Tanner.

¶6 The District Court initially ordered Kincheloe to return custody of Tanner to Munyan at the Musselshell County Sheriff's Department by 5:00 p.m. the day of the bench trial. However, Kincheloe immediately filed a Motion for Stay of Judgment Pending Appeal and a Notice of Appeal. The District Court stayed the Judgment for fourteen (14) days in order to allow Kincheloe an opportunity to secure a supersedeas bond pursuant to M. R. App. P. 22.

¶7 On January 21, 2014, the District Court granted Kincheloe's Motion for Stay of Judgment Pending Appeal after finding that Kincheloe sufficiently satisfied the supersedeas bond requirement. Representing herself, Kincheloe filed a very short appellant's brief, the substance of which is difficult to understand. Munyan did not file a response brief.

¶8 Kincheloe appears to argue that the District Court erred in denying her Motion for Continuance of the scheduled bench trial. Montana Rules of Appellate Procedure 12(1)(f) require that an appeal "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the

record relied on." M. R. App. P. 12(1)(f). Although Kincheloe asserts error, she has not presented a cogent argument nor advanced any supporting authority as required by this rule. "It is not this Court's function to conduct legal research on the parties' behalf or to develop their legal analysis for them." *DuBray v. State*, 2008 MT 121, ¶ 30, 342 Mont. 520, 182 P.3d 753 (citation omitted). The appellant bears the burden of persuasion in an appeal. *State v. Deshaw*, 2012 MT 284, ¶ 30, 367 Mont. 218, 291 P.3d 561 (citations omitted). Because we are unable to comprehend the legal basis for Kincheloe's appeal, we conclude she has not carried her burden.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. For the reasons set forth, we affirm the decision of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT